STATE of Wisconsin, Plaintiff-Respondent,

v.

Lester B. THOMAS, Defendant-Appellant.†

Supreme Court

*No. 87–0729–CR. Argued June 1, 1988.—Decided June 28, 1988.*

(Also reported in 425 N.W.2d 641.)

† Motion for reconsideration granted on August 23, 1988.

879

For the defendant-appellant there briefs (in court of appeals) and oral argument by *Mark Lukoff,* first assistant state public defender, Milwaukee.

For the plaintiff-respondent the cause was argued by *Sally L. Wellman,* assistant attorney general, with whom on the brief (in court of appeals) was *Donald J. Hanaway,* attorney general.

WILLIAM A. BABLITCH, J.   The defendant Lester B. Thomas (Thomas) appeals from a judgment of conviction of first-degree sexual assault of an eight year old child and from an order denying post-conviction relief. Specifically, Thomas challenges the use of a videotaped deposition of the child's testimony at trial, pursuant to sec. 967.04(7)–(10), Stats., and the placement of a screen between himself and the child during the deposition, as an unconstitutional denial of his right to confront his accuser. The court of appeals certified this case for our review.

We conclude that sec. 967.04(7)–(10), Stats., as it pertains to child-witnesses under 12 years of age, does not deprive Thomas of his right to confrontation. The use of videotaped depositions for such witnesses advances society's interest in allowing crucial testimony into evidence which might otherwise be lost and protecting young children from further traumatization by the legal process, without undermining the fundamental guarantees of the confrontation clause. Given the age of the victim in the present case, the type and repeated nature of the sexual assault, and the circumstances surrounding the testimony from the preliminary hearing, the circuit court properly

exercised its discretion in authorizing the use of the videotaped deposition.

We further conclude that the circuit court's decision to permit the placement of a screen between Thomas and the victim at the deposition did not violate Thomas' confrontation right. While face-to-face confrontation is preferable at trial, this preference may yield to other competing interests where, as here, the circuit court determines that ordinary court room procedures may aggravate the trauma of the child-witness. Accordingly, the judgment of the circuit court is affirmed.

Thomas was charged with three counts of first-degree sexual assault against an eight year old girl, C.F., contrary to sec. 940.225(1)(d), Stats. A preliminary hearing was held on June 2, 1986, at which both Thomas and C.F. were present.

During the hearing C.F. had difficulty testifying about the assaults. According to the record, C.F. had covered her face with both hands and would not respond to any questions concerning Thomas. With the assistance of her mother and while testifying from her mother's lap, however, C.F. was able to provide sufficient testimony to bind Thomas over for trial. In particular, through the use of anatomically correct dolls, C.F. demonstrated how she had been allegedly sexually assaulted by Thomas and that such assaults consisted of vaginal, anal and oral contact.

On August 13, 1986, prior to trial, the State of Wisconsin (State) filed a motion to take a videotaped deposition of C.F. pursuant to sec. 967.04(7)(a), Stats. The statute permits the circuit court to issue an order for a videotaped deposition if the trial or hearing in which the child may be called will commence before the child's 12th birthday. The State argued that the

statutory requirements for a video deposition were satisfied because the deposition would begin before C.F.'s twelfth birthday.

Additionally, the State noted that the "interest of justice" warranted the videotaping of C.F.'s testimony. C.F. had been able to verbalize the events of the assaults as long as Thomas was not present, but when Thomas was present in the courtroom at the preliminary hearing she had difficulty recounting the events. Thus, the State argued that "a videotaped deposition with proper spatial arrangements made, will minimize or eliminate the trauma to the child without prejudice to the defendant."

The defendant objected to the videotaped deposition on the grounds that it violated his constitutional right of confrontation and that there were no compelling reasons to require the deposition. The circuit court, however, granted the State's motion stating the following:

> "The Court's reviewed the transcript of the preliminary hearing and observes from the transcript that there was some considerable difficulty as far as having the witness testify. I think clearly under the statute this is within the discretion of the Court.
>
> " . . . .
>
> "This case is an extremely sensitive case, involving a victim of an alleged sexual assault whose date of birth is May 27, 1978. That makes her just a little over eight years of age at this point in time.
>
> "It is clear from a reading of the facts in the Complaint that this young girl was very seriously assaulted by somebody—whether or not it is the defendant is the subject of a trial.

"This is a very special kind of criminal proceeding; and if there's ever a case where this is—this type of procedure is justified, I think it's here."

A videotaped deposition of C.F. was conducted on August 15, 1986. Thomas was present during the deposition but positioned behind a screen so that neither he nor C.F. could directly view one another. However, Thomas was able to view C.F. on a monitor.

At trial, the State's evidence to the jury consisted of C.F.'s videotaped deposition. Thomas' evidence consisted of his testimony denying the commission of the assaults and an alibi defense. The jury convicted Thomas on all three counts.

Thomas subsequently brought a motion for post-conviction relief seeking a new trial. He renewed his challenge of the constitutionality of the videotaped deposition. Additionally, he argued that the use of a screen during the deposition deprived him of his right to face-to-face confrontation with his accuser. The circuit court denied his motion.

Thomas appealed the judgment and order denying his motion to the court of appeals. The court of appeals certified the questions of the constitutionality of the videotaped deposition and the use of the screen to this court for review. Certification was granted on February 9, 1988.

## I.

We first consider Thomas' argument that sec. 967.04(7)–(10), Stats., as it pertains to videotaped depositions of child-witnesses under 12 years of age, is unconstitutional on its face. Thomas contends that the statute deprives him of his federal and state constitu-

tional right to confrontation because it fails to satisfy the requirements for confrontation.

Section 967.04(7)–(10), Stats.,[1] provides in relevant part that a circuit court "may," on the motion of

[1]"967.04 Deposition in criminal proceedings. . . . .

". . . .

"(7) (a) In any criminal prosecution or any proceeding under ch. 48, any party may move the court to order the taking of a videotaped deposition of a child who has been or is likely to be called as a witness. Upon notice and hearing, the court may issue an order for such a deposition if the trial or hearing in which the child may be called will commence:

"1. Prior to the child's 12th birthday; or

". . . .

"(8)(a) If the court orders a deposition under sub. (7), the judge shall preside at the taking of the deposition and enforce compliance with the applicable provisions of ss. 885.44 to 885.47. Notwithstanding s. 885.44(5), counsel may make objections and the judge shall make rulings thereon as at trial. The clerk of court shall keep the certified original videotape deposition under sub. (7) in a secure place. No person may inspect or copy the deposition except by order of the court upon a showing that inspection or copying is required for editing under s. 885.44(12) or for the investigation, prosecution or defense of the action in which it was authorized or the provision of services to the child.

" (b) If the court orders a videotape deposition under sub. (7), the court shall do all of the following:

"1. Schedule the deposition on a date when the child's recollection is likely to be fresh and at a time of day when the child's energy and attention span are likely to be greatest.

"2. Schedule the deposition in a room which provides adequate privacy, freedom from distractions, informality and comfort appropriate to the child's developmental level.

"3. Order a recess whenever the energy, comfort or attention span of the child or other circumstances warrant.

"4. Determine that the child understands that it is wrong to tell a lie and will testify truthfully if the child's developmental level or verbal skills are such that administration of an oath or affirmation in the usual form would be inappropriate.

"5. Before questioning by the parties begins, attempt to place the child at ease, explain to the child the purpose of the deposition and identify all persons attending.

either party, order a videotaped deposition of a child, who has been or is likely to be called as a witness in a

"6. Allow any questioner to have an advisor to assist the questioner, and upon permission of the judge, to conduct the questioning.

"7. Supervise the spatial arrangements of the room and the location, movement, and deportment of all persons in attendance.

"8. Allow the child to testify while sitting on the floor, on a platform, on an appropriately sized chair, or on the lap of a trusted adult, or while moving about the room within range of the visual and audio recording equipment.

"9. Permit the defendant to be in a position from which the defendant can communicate privately and conveniently with counsel.

"10. Upon request, make appropriate orders for the discovery and examination by the defendant of documents and other evidence in the possession of the state which are relevant to the issues to be covered at the deposition at a reasonable time prior thereto.

"11. Bar or terminate the attendance of any person whose presence is not necessary to the taking of the deposition, or whose behavior is disruptive of the deposition or unduly stressful to the child. A reasonable number of persons deemed by the court supportive of the child or any defendant may be considered necessary to the taking of the deposition under this paragraph.

"(9) In any criminal prosecution or juvenile fact-finding hearing under s. 48.31, the court may admit into evidence a videotaped deposition taken under subs. (7) and (8) without an additional hearing under s. 908.08. In any proceeding under s. 57.06(3) or 973.10(2), the hearing examiner may order and preside at the taking of a videotaped deposition using the procedure provided in subs. (7) and (8) an may admit the videotaped deposition into evidence without an additional hearing under s. 908.08.

"(10) If a court or hearing examiner admits a videotaped deposition into evidence under sub. (9), the child may not be called as a witness at the proceeding in which it was admitted unless the court or hearing examiner so orders upon a showing that additional testimony by the child is required in the interest of fairness for reasons neither known nor with reasonable diligence discoverable at the time of the deposition by the party seeking to call the child."

trial or hearing, if the proceeding in which the child may be called will commence before the child's twelfth birthday. Section 967.04(7)(a). The statute does not affect the opportunity for cross-examination nor does it dispense with such standard procedures as the administering of an oath or its equivalent to the witness. *See* secs. 967.04(8)(a), 967.04(8)(b), 885.44(2). However, it does permit the court to alter the spatial arrangement of the room subject to the requirement that the defendant is placed in a position from which he or she can communicate "privately and conveniently with counsel." Section 967.04(8)(b)9.

Additionally, the statute authorizes the court to admit the videotaped deposition into evidence during the criminal prosecution without an additional hearing. Section 967.04(9), Stats. If the deposition is admitted, the child may not be called as a witness at that time unless, "the court or hearing examiner so orders upon a showing that additional testimony by the child is required in the interest of fairness for reasons neither known nor with reasonable diligence discoverable at the time of the deposition by the the party seeking to call the child." Section 967.04(10).

■ A presumption of constitutionality attends all statutes and this court will uphold a challenged statute as constitutional unless the statute's unconstitutionality is demonstrated beyond a reasonable doubt. *State ex rel. Hammermill Paper Co. v. La Plante*, 58 Wis. 2d 32, 46, 205 N.W.2d 784, (1973). Applying this standard to the present controversy, we conclude that Thomas has failed to demonstrate that sec. 967.04(7)–(10), Stats., as it pertains to children under 12 years of age, denies an accused the funda-

mental protections of the right of confrontation. Accordingly, we uphold the statute as constitutional.

The federal right of confrontation, guaranteed under the Sixth Amendment of the United States Constitution and made applicable to the states through the Fourteenth Amendment, provides, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ...." The confrontation right under the state constitution, which we have interpreted to be the same as that secured under the federal constitution, similarly provides, "[i]n all criminal prosecutions the accused shall enjoy the right ... to meet the witnesses face to face ...." Art. I, Sec. 7, Wis. Const.; *See State v. Burns,* 112 Wis. 2d 131, 144, 332 N.W.2d 757 (1983).

The overarching objective of the right of confrontation is to promote the reliability of the truth-determining process in a criminal trial. *United States v. Inadi,* 106 S. Ct. 1121, 1127 (1986). The primary mechanism for achieving this objective is through the opportunity for meaningful cross-examination of witnesses. *Ohio v. Roberts,* 448 U.S. 56, 63 (1980); 5 Wigmore, Evidence Sec. 1395 (Chadbourn rev. 1974). Additionally, confrontation permits the jury to observe the demeanor of the witness while testifying thereby aiding the jury in its assessment of witness credibility. Finally, confrontation ensures that the witness' statements will be given under oath, thus, impressing the witness with the seriousness of the matter and guarding against perjury. *California v. Green,* 399 U.S. 149, 158 (1970).

These three truth-determining mechanisms of the confrontation clause are preserved under sec. 967.04(7)–(10), Stats. Specifically, the statute main-

tains the defendant's right to cross-examine the child-witness, the jury's ability to observe the witness' demeanor and the requirement of testimony under oath. The videotaped deposition is, therefore, the functional equivalent of in-court testimony with the exceptions that the jury is viewing taped rather than live testimony and that the defendant is confronting the opposing witness prior to trial rather than at trial, and before the jury. While we do not find the jury's viewing of a taped deposition to be a constitutionally significant difference, we do acknowledge the constitutional preference for actual confrontation of witnesses at trial.

However, both this court and the United States Supreme Court have recognized that the right of confrontation is not absolute. *State v. Bauer,* 109 Wis. 2d 204, 209, 325 N.W.2d 857 (1982), citing *State v. Olson,* 75 Wis. 2d 575, 588, 250 N.W.2d 12 (1970); *Ohio v. Roberts,* 448 U.S. 56, 64 (1980), citing *Mattox v. United States,* 156 U.S. 237, 243 (1895). It "must occasionally give way to considerations of public policy and the necessities of the case." *Mattox,* 156 U.S. at 243.

In the present case, the competing interest which must be considered is the public policy of allowing crucial testimony into evidence which might otherwise be lost while at the same time protecting children from further traumatization by the legal process. We have noted that the ordeal of testifying may enhance the emotional trauma of the child-witness and victim. As we stated in *State v. Nelson,* 138 Wis. 2d 418, 442–43, 406 N.W.2d 385 (1987), "[s]everal components of the legal system, including repeated interrogations and cross-examination, facing the accused again, and

the official atmosphere of the court, have been identified as being capable of putting a child victim under prolonged mental stress and endangering his or her emotional equilibrium."

We have also noted the strong societal interest in addressing the needs of children in the criminal justice system, particularly those of child-witnesses and victims. *State v. Gilbert,* 109 Wis. 2d 501, 326 N.W.2d 744 (1982). In *Gilbert,* we held that while concerns for protecting a child from harm by the legal process could not justify excusing the child from testifying, the court can and should use the tools available to the criminal justice system to lessen or eliminate the child's trauma. *Id.* at 516–17. Subsequently, the legislature enacted the child videotape deposition statute, one of several statutes designed to provide special treatment to child-witnesses and victims during their involvement in the criminal process. The statute seeks to minimize the emotional strain of the child's participation in criminal proceedings by allowing the child to testify in a less threatening atmosphere.

In light of this compelling policy to protect child-witnesses, the need for the evidence, and our previous conclusion that the fundamental protections of the confrontation clause are afforded an accused under the statute, we conclude that the preference for live confrontation of witnesses at trial must justifiably give way to these considerations.

Thomas also claims that the statute is facially invalid because it does not require the court to make a finding on the unavailability of the child-witness before admitting the videotaped deposition. We disagree.

Both the United States Supreme Court and this court have held that a finding on the unavailability of the witness is not always required for admission of an out-of-court statement. *Inadi,* 106 S. Ct. at 1126; *Hagenkord v. State,* 100 Wis. 2d 452, 478–79, 302 N.W.2d 421 (1981). Generally, a showing of unavailability is required where the substitute for the witness' in-court testimony deprives the accused of the truth-determining mechanisms of the confrontation clause. *See Hagenkord,* 100 Wis. 2d at 478–79; *State v. Bauer,* 109 Wis. 2d 204, 214, 325 N.W.2d 857 (1982). Because a videotaped deposition under sec. 967.04(7)–(10), Stats., is the functional equivalent of live testimony and ensures the fundamental protections of the confrontation clause, namely the right of cross-examination, the observation of witness demeanor and the requirement of testimony under oath, we conclude that a demonstration of unavailability is not required.

We further reject Thomas' claim that the statute is constitutionally deficient because it "automatically" and "arbitrarily" permits the court to authorize a videotaped deposition of a child under 12 years of age without first requiring a finding of particularized need for the procedure. Section 967.04(7)(a), Stats., expressly states that the court "may" issue an order for the videotaped deposition of a child-witness. Thus, the statute requires that the court exercise its discretion in determining that a videotaped deposition is necessary. As with most discretionary judicial determinations, the court's basis for the exercise of discretion must be shown. Under the videotaped deposition statute, this entails a finding by the circuit court that the purpose of the statute—the protection of child-

witnesses from further traumatization by the legal process—will be served by taking the videotaped deposition of the child.

In the present case, the circuit court based its decision to permit a videotaped deposition of C.F.'s testimony on the following facts of record: C.F.'s tender age of eight years; the repeated incidents of sexual assault and the nature of the assaults, which consisted of vaginal, anal and oral penetration; and C.F.'s difficulty in testifying about the assaults at the preliminary hearing. These factors combined satisfy the requisite finding of necessity for application of the statute. Accordingly, we conclude that the circuit court did not abuse its discretion in authorizing C.F.'s videotaped deposition.

## II.

We next consider Thomas' challenge to the constitutionality of the placement of a screen between himself and C.F. at the deposition.

Section 967.04(8)(b)7, Stats., requires the court to "[s]upervise the spatial arrangements of the room and the location, movement, and deportment of all persons in attendance." Under this authority, the circuit granted the State's request for use of a screen to separate Thomas from C.F. Thomas argues that the circuit court's authorization of this procedure violated his federal and state right of confrontation by depriving him of face-to-face confrontation with C.F.

An essential function of the right of confrontation, identified under federal law, is to secure for the accused the opportunity for cross-examination. *Roberts*, 448 U.S. at 63. However, it has been noted that

this confrontation is "not for the idle purpose of gazing upon the witness, or of being gazed upon by him, but rather for the purpose of cross-examination, which cannot be had except by the direct and personal putting of questions and obtaining immediate answers. 5 Wigmore Sec. 1395.

While federal law may suggest a preference for face-to-face confrontation, *Roberts,* 448 U.S. at 63, as noted previously, the right of confrontation is not absolute. Because the Supreme Court has yet to decide whether the constitutional preference for face-to-face confrontation outweighs the competing interest of protecting a child-victim from risk of further trauma, induced by having to confront the alleged assailant while the child testifies,[2] we must undertake the balancing. Based on our determination that the child videotape deposition statute affords an accused the fundamental guarantees of the confrontation clause, we conclude that the preference for face-to-face confrontation between the accused and accuser may yield when the circuit court deems it necessary for the avoidance of further traumatization of the child. This balancing accommodates the needs of the child-witness and victim while retaining the critical truth-determining mechanisms in a criminal trial.

Our conclusion is not altered under Art. I, Sec. 7 of the Wisconsin Constitution, the state constitutional right of confrontation. Thomas correctly points out that the language of Art. I, Sec. 7 differs from the

---

[2]The Supreme Court recently heard oral arguments on the case of *State v. Coy,* 397 N.W.2d 1730 (Iowa 1986), involving a challenge to the constitutionality of an Iowa statute permitting the placement of a barrier between a child-witness and the defendant during the child's testimony.

federal confrontation clause in that it explicitly refers to the accused's right "to meet the witnesses face to face." While we have acknowledged this constitutional preference, we have also stated that the main and essential purpose of confrontation is the opportunity for meaningful cross-examination. *Virgil v. State,* 84 Wis. 2d 166, 186, 267 N.W.2d 852 (1978). As we commented in *Virgil.*

> ". . . yet the cornerstone of the right of confrontation is not merely that the state has produced a witness for eyeball-to-eyeball presentment to the defendant, but rather that the right of confrontation is satisfied in a constitutional sense only where a meaningful cross-examination of the witness who actually uttered the assertions is possible." *Id.*

Thus, while face-to-face confrontation may be preferable it is not absolute, especially where there has been sufficient opportunity for cross-examination of the witness.

Applying the same balancing formula relied on above, we conclude that the protection of the child through the placement of a physical barrier between the child and the accused may, on a case-by-case basis, outweigh the preference for face-to-face confrontation. *Accord, State v. Conley,* 141 Wis. 2d 384, 416 N.W.2d 69 (Ct. App. 1987).

This case-by-case determination should be based on a finding that the use of ordinary courtroom procedures will not be in the best interest of the child. Although there was no formal finding to this effect in the present case, we conclude from the record that the circuit court implicitly made such a finding when it

authorized the use of the screen. Specifically, the transcript from the preliminary hearing indicates that C.F. had difficulty testifying at the preliminary hearing. In fact, it was necessary for C.F. to testify from her mother's lap in order to recount the details of the assaults. Based on this evidence, it is not unreasonable to infer that C.F.'s reluctance and difficulty in testifying about the assaults may have been attributable to Thomas' presence at the hearing. This evidence in conjuction with the nature and frequency of the sexual assaults suggest that the use of ordinary courtroom procedures would not be in C.F.'s best interest. Accordingly, we conclude that the circuit court did not abuse its discretion in authorizing the use of the screen.

We are unpersuaded by Thomas' argument that the use of a screen was inherently prejudicial because it suggested an inference of his guilt to the jury. *See Conley,* 141 Wis. 2d 384 (where the court of appeals upheld the circuit court's use of a screen to separate the child-witness from her assailant at trial). We have carefully viewed the entire videotaped testimony that was shown to the jury. The videotaped deposition showed the screen at the start of the tape for a few seconds when the participants were introduced. Furthermore, it was not even clear from the tape that a physical barrier was being employed. A juror could have concluded that Thomas was simply positioned off to the side of the room. Even if a juror was cognizant of the placement of the screen he or she would likely conclude, given the nature of the assaults, that the measure was designed to reduce the trauma attending to the child's testimony. *Accord, State v. Coy,* 397 N.W.2d 730 (Iowa 1986). The camera then immediately zoomed to the child-witness and remained on her

for the duration. The time appeared simultaneously on the bottom of the screen.

We can perceive nothing of a prejudicial nature to Thomas in the entire tape. The entire circumstances of the testimony were presented objectively and fairly. Thomas' attorney was allowed full and thorough cross-examination. Although the testimony was taken either in the judge's chambers or a like facility, the attendant circumstances had all the dignity and decorum of a court room, including the taking of the oath at the start of the testimony.

In order to avoid even the possibility of improper inferences from the use of a physical barrier, the judge should inform the jury that no adverse inferences may be drawn from the fact that a child is testifying under modified courtroom procedures. In the present case, no cautionary instruction was requested or provided. While the circuit courts should in the future given an instruction to that effect, our review of the videotaped deposition and the strength of C.F.'s testimony against Thomas, convince us that there was no reasonable possibility that the absence of such an instruction contributed to the jury's decision of guilt. *State v. Dyess,* 124 Wis. 2d 525, 370 N.W.2d 222 (1985).

For the reasons set forth above, we conclude that neither sec 967.04(7)–(10), Stats., nor the use of a screen at the deposition impermissibly deprived Thomas of his constitutional rights.

*By the Court.*—The decision of the circuit court is affirmed.

JUSTICE WILLIAM G. CALLOW did not participate.