**Lester B. THOMAS, Petitioner,**

v.

**James B. MURPHY, Superintendent, Columbia Correctional Institution, Respondent.**

**No. 90–C–0037–C.**

United States District Court, W.D. Wisconsin.

April 18, 1990.

Mark Lukoff, First Asst. State Public Defender, Milwaukee, Wis., for petitioner.

Sally Wellman, Asst. Atty. Gen., Madison, Wis., for respondent.

## ORDER

CRABB, Chief Judge.

This is a petition for a writ of habeas corpus. Petitioner, an inmate at the Columbia Correctional Institution in Portage, Wisconsin, claims that he is in custody in violation of the laws or Constitution of the United States. 28 U.S. § 2254. In his petition, petitioner contends that his Sixth Amendment right to confront the witness against him was violated by the use at trial of the videotaped deposition of the child he was accused of having sexually assaulted, and the placement of a screen between himself and the child during the deposition.

In an order entered January 25, 1990, I requested the parties to brief the issue whether petitioner was barred by *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), from raising his constitutional challenges. In *Teague,* the Supreme Court ruled that habeas corpus petitioners lack standing to request federal district courts to announce or apply "new rules" of criminal procedure that were not in existence at the time their convictions became final. *Teague,* 109 S.Ct. at 1078.

For the reasons that follow, I conclude that prior case law does not dictate a decision on petitioner's claim that the use of videotaped testimony violated his Sixth Amendment right to confront his accuser and that because petitioner's proposed new rule barring the use of videotaped testimony in child sexual assault cases does not fall under either of the two exceptions to the *Teague* retroactivity doctrine, petitioner does not have standing to raise that

claim on a writ of habeas corpus. I conclude further that petitioner is not requesting the announcement of a new rule in his claim that the use of a screen to hide a criminal defendant during the testimony of his child sexual assault victim accuser violated the confrontation clause, and that he may pursue that claim on a petition for writ of habeas corpus.

## A. State Court Proceedings

Petitioner pursued direct appeal of his judgment of conviction through the Supreme Court for the State of Wisconsin. In that appeal, petitioner contended that his constitutional right to confront his accusers was violated in two ways: (1) by the use of videotaped deposition in lieu of the live testimony of the child he was accused of sexually assaulting; and (2) by the placement of a screen between him and the child witness during the deposition. *State v. Thomas*, 144 Wis.2d 876, 880, 425 N.W.2d 641 (1988). On June 28, 1988, the Wisconsin court entered an opinion denying both of petitioner's challenges to his conviction. *Id.*

The next day, June 29, 1988, the United States Supreme Court entered an opinion in *Coy v. Iowa*, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), ruling that the defendant's right to confrontation was denied when the trial court allowed a screen to be placed between the defendant and two child witnesses during the witnesses' testimony at defendant's trial on charges of sexual assault. On petitioner's motion and in light of *Coy*, the Wisconsin supreme court reconsidered its opinion and again denied petitioner's claims that he had been deprived of his constitutional right to confront his accuser. *State v. Thomas*, 150 Wis.2d 374, 442 N.W.2d 10 (1989).

## B. New Rule Standard for Habeas Jurisdiction

■ A case announces a new rule "when it breaks new ground or imposes a new

obligation on the States or the Federal Government," or "if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 109 S.Ct. at 1070 (emphasis in original). Petitioner's conviction was not final at the time *Coy* was decided.[1] Therefore, the rule announced in *Coy* is not a "new rule" within the meaning of *Teague*. The question presented by this case is whether petitioner's habeas corpus claims require the announcement of a new rule that goes beyond the ruling in *Coy* or merely an application of the rule announced in *Coy*.

### 1. Coy v. Iowa

In *Coy v. Iowa*, the Supreme Court considered the scope of a criminal defendant's Sixth Amendment right "to be confronted with the witnesses against him." 108 S.Ct. at 2800. John Avery Coy had been charged with sexually assaulting two 13–year–old girls. *Coy*, 108 S.Ct. at 2799. During Coy's trial, the court permitted a large screen to be placed between Coy and the witness stand during the girls' testimony so that the girls were not able to see Coy at all while they testified. *Id.* This procedure was authorized under a recently enacted state statute governing child sexual assault cases. *Id.* The Court held that the state's procedure violated the confrontation clause of the Sixth Amendment, reasoning that the literal right to confront the witness face-to-face at the time of trial formed "the core of the values furthered by the Confrontation Clause." *Id.* 108 S.Ct. at 2801, *quoting California v. Green*, 399 U.S. 149, 157, 90 S.Ct. 1930, 1934–35, 26 L.Ed.2d 489 (1970). The court stated that "there is something deep in human nature that regards face-to-face confrontation between the accuser and the accused" as central to the idea of justice. *Coy*, 108 S.Ct. at 2801.

---

**1.** In *Teague*, the Court defined a case with a "final" conviction as a case in which the judgment of conviction is rendered, the availability of appeal exhausted, and the time for petition for certiorari has elapsed. *Teague*, 109 S.Ct. at 1067. Petitioner had 60 days from the date the

Wisconsin supreme court rejected his direct appeal in which to file a petition for writ of certiorari to the United States Supreme Court. Rules of the Supreme Court of the United States 20.1.

The Court acknowledged that the rights conferred by the confrontation clause are not absolute, and "may give way to other important interests." *Id.* at 2802.

> We leave for another day, however, the question whether any exceptions exist. Whatever they may be, they would surely be allowed only when necessary to further an important public policy ... The State maintains that such necessity is established here by the statute, which creates a legislatively imposed presumption of trauma. Our cases suggest ... that ... something more than the type of generalized finding underlying such a statute is needed ...

*Id.* at 2803 (citations omitted).

Two members of the majority, Justices O'Connor and White, joined in a concurring opinion to emphasize the possibility that "certain procedural devices designed to shield a child witness from the trauma of courtroom testimony" might be exceptions to the constitutional right to face-to-face confrontation. *Id.* at 2803 (O'Connor, J., concurring). Justice O'Connor noted specifically that several states have authorized by statute the use of one- or two-way closed circuit television or the use of videotaped testimony taken in the defendant's presence. She added, "I wish to make clear that nothing in today's decision necessarily dooms such efforts by state legislatures to protect child witnesses." *Id.* at 2804.

> I agree with the Court that more than the type of generalized legislative finding of necessity present here is required. But if a court makes a case-specific finding of necessity, as is required by a number of state statutes, ... our cases suggest that the strictures of the Confrontation Clause may give way to the compelling state interest of protecting child witnesses.

*Id.* at 2805.

### 2. Use of Videotaped Testimony

■ Read as a whole, *Coy v. Iowa* leaves undecided the question whether the use of videotaped testimony violates the right to face-to-face confrontation. The two concurring justices emphasize that statutory procedures such as testimony videotaped in the presence of the defendant might be appropriate ways to shield child sexual assault victims. "[M]any such procedures may raise *no substantial Confrontation Clause problem* since they involve testimony in the presence of the defendant." *Coy,* 108 S.Ct. at 2804 (O'Connor, J., concurring) (emphasis added). Given this qualification, the majority opinion in *Coy* cannot be interpreted as dictating that the use of videotaped testimony violates the Sixth Amendment, at least where the defendant is present when the videotape is made. Therefore, petitioner's claim that the use of videotaped testimony at his trial denied his right to confront his accusers is a request that this court announce a "new rule" within the meaning of *Teague.*

■ Petitioner may still have standing to raise his claim based on the use of videotaped testimony if his proposed rule barring such testimony falls within one of two exceptions to the general rule of nonretroactivity for cases on collateral review. First, a new rule should be applied retroactively if it "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," *Teague,* 109 S.Ct. at 1073, or places "a certain class of individuals beyond the State's power to punish by death." *Penry v. Lynaugh,* — U.S. —, 109 S.Ct. 2934, 2952, 106 L.Ed.2d 256 (1989). This exception is inapplicable here because the procedural rule proposed by petitioner does not affect the criminality of any particular kind of behavior or the appropriateness of any particular kind of punishment.

Second, a new rule may be applied retroactively on collateral appeal if it invalidates a procedure that would "seriously diminish the likelihood of obtaining an accurate determination" of guilt. *Butler v. McKellar,* — U.S. —, 110 S.Ct. 1212, 1218, 108 L.Ed.2d 347 (1990). Petitioner argues that his proposed rule falls within this second exception because the purpose of the confrontation clause is to avoid perjured testimony, which is integrally related to the accurate determination of guilt.

However, *Teague* and subsequent Supreme Court opinions make it clear that a more direct relationship between the rule and the accuracy of convictions is required. In *Teague*, the Court stated,

such rules are "best illustrated by recalling the classic grounds for the issuance of a writ of habeas corpus—that the proceeding was dominated by mob violence; that the prosecutor knowingly made use of perjured testimony; or that the conviction was based on a confession extorted from the defendant by brutal methods."

109 S.Ct. at 1077. In a more recent case the Court expressed the purpose of the second exception as follows:

Although the precise contours of this exception may be difficult to discern, we have usually cited *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), holding that a defendant has the right to be represented by counsel in all criminal trials for serious offenses, to illustrate the type of rule coming within the exception ... Whatever one may think of the importance of respondent's proposed rule, it has none of the primacy and centrality of the rule adopted in *Gideon* or other rules which may be thought to be within the exception.

*Saffle v. Parks*, —— U.S. ——, 110 S.Ct. 1257, 1264, 108 L.Ed.2d 415 (1990).

In the face of these opinions, I cannot conclude that petitioner's proposed rule prohibiting the use of videotaped testimony is the kind of "watershed rule of criminal procedure" intended to be covered by the second *Teague* exception. *Teague*, 109 S.Ct. at 1075; *Saffle*, 110 S.Ct. at 1263.

### 3. Presence of Screen between Petitioner and Witness

■ *Coy v. Iowa* is explicit in its holding that the use of a screen to prevent a child witness from seeing the accused assailant while testifying violates a criminal defendant's right to confront the accuser face to face. However, respondent argues that because *Coy* leaves open the possibility that there might be exceptions to that holding based on "individualized findings that ...

particular witnesses need ... special protection," the opinion cannot be said to dictate the result in petitioner's case.

In this case there may be a dispute whether the state trial court relied on sufficiently individualized findings of trauma in deciding to place a screen between petitioner and the child witness. On reconsideration of petitioner's direct appeal, the majority of the Wisconsin supreme court ruled that although the trial court did not make an explicit individualized finding of trauma, it had before it facts from which it could have concluded that the videotape and screen were necessary to minimize or eliminate trauma to the child. *Thomas*, 150 Wis.2d at 388–90, 442 N.W.2d 10. In a concurring opinion, Justice Abrahamson disagreed, stating,

I think the circuit court's reasoning in this case was, for the most part, based on the kind of presumptions and generalizations the *Coy* majority struck down as inadequate. The fact that the generalizations and presumptions relied on in this case are set forth by a judge rather than by a legislature, as was the case in *Coy*, does not change the fact that they are not the kind of individualized findings required by the holding in *Coy*. I do, however, conclude that the state's motion papers and the transcript of the preliminary examination can support the circuit court's discretionary determination that this particular child could not give effective testimony if she had to testify facing the defendant in the courtroom ... I agree with the majority opinion that this court can, in this case, supply the circuit court's omission.

*Thomas*, 150 Wis.2d at 400–01, 442 N.W.2d 10 (Abrahamson, J., concurring).

As a result of this potential dispute, it may be necessary to extend the reasoning of *Coy* beyond its facts, which included the fact that the trial court in that case relied on a statutory presumption of trauma. The Supreme Court has acknowledged that the new rule standard is particularly difficult to apply when a case extends the reasoning of prior cases instead of explicitly overruling an earlier holding. *Saffle*, 110

S.Ct. at 1260; *Butler,* 110 S.Ct. at 1216. Quoting Justice Harlan, the Court recognized

the inevitable difficulties that will arise in attempting "to determine whether a particular decision has really announced a 'new' rule at all or whether it has simply applied a well-established constitutional principle to govern a case which is closely analogous to those which have been previously considered in the prior case law."

*Penry,* 109 S.Ct. at 2944, *quoting Mackey v. United States,* 401 U.S. 667, 695, 91 S.Ct. 1160, 1181, 28 L.Ed.2d 404 (1971) (separate opinion of Harlan, J.); *Desist v. United States,* 394 U.S. 244, 263, 89 S.Ct. 1030, 1041, 22 L.Ed.2d 248 (1969) (Harlan, J., dissenting).

In determining whether a case requires the announcement of a new rule when there is some indication that the case might create an exception to established precedent, some guidance may be derived from an examination of the two primary interests on which the *Teague* new rule standard is based. First, the new rule standard is designed to eliminate the inequity of giving "petitioner the benefit of that new rule even though it would not be applied retroactively to others similarly situated." *Teague,* 109 S.Ct. at 1077. Second, it allows the court to avoid rendering advisory opinions without creating inequity between the habeas petitioner and other criminal defendants whose convictions became final before announcement of the new rule. *Id.* at 1078. Thus, the new rule standard has its roots in standing doctrine: habeas petitioners cannot request the announcement of new rules to be applied only to them out of fairness to similarly situated criminal defendants.

Viewed in light of these policies, the balance in this case tips in favor of concluding that petitioner is asking for the application of closely analogous law rather than the announcement of a new rule. *Coy* held that face-to-face confrontation was at the core of the confrontation clause and left for another day the question of what kind of findings might support an exception to

that ruling. Petitioner is requesting merely an application of the main ruling in *Coy* that the use of a screen deprived him of his right to confront his accuser face to face. It is respondent who is requesting the announcement of an exception to *Coy.* If a new exception to *Coy* were announced in this case, it would benefit the state, not the habeas petitioner, and no inequity to similarly situated criminal defendants would result.

For this reason, I conclude that petitioner's challenge to the use of a screen during the videotaped testimony of the child he was accused of assaulting does not require the announcement of a new rule of criminal procedure for decision that would benefit him alone. Therefore, I will order a response to that portion of petitioner's habeas petition.

## ORDER

It is ORDERED that not later than twenty (20) days from the date of service of the petition, respondent file a response to that portion of the petition that challenges the use of a screen between petitioner and his alleged victim, showing cause, if any, why this writ should not issue.

Petitioner may have twenty (20) days from the service of the response to file a traverse to the allegations of the response submitted by the respondent.

