STATE of Wisconsin, Plaintiff-Respondent,

v.

Mark J. LOMPREY, Defendant-Appellant.†

Court of Appeals

*No. 91–1308–CR. Submitted on briefs November 6, 1991.—Decided December 10, 1992.*

(Also reported in — N.W.2d —.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *Glenn L. Cushing,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, with *Daniel J. O'Brien,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J.   Mark Lomprey appeals from two judgments convicting him of sexual contact with a person who has not attained the age of 13 years, sec. 948.02(1), Stats. Each alleged contact was with defendant's niece, the first in August and the second on or about October 6, 1989, when she was about three years old. The issues are whether the trial court denied defendant his confrontation right when it admitted a videotape taken of the child and still photographs made from the videotape, and when it admitted three out-of-court statements by the child. We conclude that defendant's right of confrontation was denied by admission of one statement but the error was harmless. We affirm.

The state deposed the child on videotape under sec. 967.04(7), Stats.[1] The child's aunt was with her. The defendant was present and the trial judge presided. The child, born on January 27, 1987, was then three years

---

[1] Section 967.04(7), Stats., allows the taking of a videotaped deposition of a child on court order in a criminal proceeding. The order for the videotaping is unchallenged. *State v. Thomas,* 144 Wis. 2d 876, 425 N.W.2d 641 (1988), *confirmed and supplemented by* 150 Wis. 2d 374, 442 N.W.2d 10 (1989), *cert. denied,* 493 U.S. 867 (1989), upheld the constitutionality of sec. 967.04 (7)-(10), Stats. The court held that such videotaped testimony is the functional equivalent to live in-court testimony. *Thomas,* 150 Wis. 2d at 391-92, 442 N.W.2d at 18-19.

old. The deposition was in three parts. The jury saw only the first part.

Before that part was videotaped, the trial judge positioned himself so that he could see the child's reaction when she saw the defendant. The child played with her aunt and made some responses to questions by the prosecutor before she saw the defendant. The trial court found her behavior changed the instant she saw the defendant. As the trial court put it, she immediately went into a shell, refused to do anything, curled herself up into a ball, laid on the floor and covered her eyes.[2] No amount of coaxing by the prosecutor or her aunt could get her to take her hands away from her eyes until she was told she could leave. She answered no questions by the prosecutor. Defendant's attorney did not attempt to question her.

At the end of the first part, the trial court found that the child was terrified of the defendant and would say nothing in his presence. The court said that if the prosecutor or the defendant wanted another opportunity to attempt to obtain responses from her, the court would grant it. The court believed, however, that further efforts to get her to tell her story even in the presence of a minimum number of persons would be fruitless. Two additional attempts were made.[3]

---

[2] The child's mother, who was behind a glass wall during the taping, testified that the child "curled up" when she saw defendant, cried and said she wanted to go home. The child's grandmother testified that when she came home after the taping, the child said that when she saw defendant she put her head down and cried because she was scared but she would not say why.

[3] The defendant's attorney suggested that the child be returned to the deposition after a brief recess. When the child returned the defendant was present. For the most part, she was unresponsive and was taken from the room. Defendant's attorney

The jury trial was held in June 1990. The child did not testify. Following testimony by the child's aunt and mother, the prosecutor offered the first part of the videotape but only to show the child's fear of the defendant. Defendant objected on hearsay and confrontation grounds. The trial court ruled that the evidence was admissible as an excited utterance or as a statement of an existing mental or emotional condition under subsecs. 908.03(2) or (3), Stats., and the jury saw the first part of the tape.

While acknowledging that protecting child sexual abuse victims from trauma underlies judicial approval of videotaping their testimony, defendant maintains that cross-examination of the child is nevertheless necessary to preserve a defendant's constitutional right to confront the accuser. He asserts that because he was denied an opportunity to cross-examine the child, the videotape lacks sufficient guarantees of reliability to satisfy the confrontation clause.

He relies on *State v. Thomas,* 150 Wis. 2d 374, 442 N.W.2d 10 (1989) (*Thomas II*), and *Maryland v. Craig,* 497 U.S. 836 (1990). The *Thomas II* court said that a deposition under sec. 967.04(7), Stats., provides all the essential protections of the confrontation clause—cross-examination, observation of witness demeanor and testimony under oath—conditioned on the necessity of the special procedure to prevent further traumatization of a sexually abused child. 150 Wis. 2d at 391-92, 442 N.W.2d at 18-19. Defendant asserts that he was denied those protections. The *Craig* court referred to rigorous adver-

---

did not attempt to question her. The judge agreed to attempt taking the child's deposition using a drape to prevent her from seeing the defendant. She returned for the third attempt, but was mostly unresponsive and repeatedly said she wanted to go home. Again defendant's attorney asked her nothing.

sarial testing which ensures the reliability of evidence. 497 U.S. 851.

The state asserts that the videotape was properly admitted because it shows conduct from which the jury could infer the victim's fear of the defendant. The state alternatively contends that the trial court properly admitted the videotape under the excited utterance and statement of mental or emotional condition hearsay exceptions.

When ruling that the videotape was admissible, the trial court described the child's conduct portrayed on the videotape as "in fact, a statement, it is, in fact, a declaration [which brings] it into the hearsay rule." The court had reference to sec. 908.01, Stats., which provides that, for hearsay purposes, a statement includes "nonverbal conduct of a person, if it is intended by him as an assertion." The import of the court's finding was that the child intended to assert through her conduct that she feared the defendant. That finding of fact is a reasonable inference from the child's conduct, and as such it binds us. *State v. Friday*, 147 Wis. 2d 359, 370-71, 434 N.W.2d 85, 89 (1989).

The child's videotaped conduct therefore was in-court testimony. A child's testimony in a videotaped deposition held under sec. 967.04(7), Stats., is not hearsay. It is in-court testimony, in that it is the "functional equivalent to live in-court testimony." *Thomas*, 150 Wis. 2d at 391-92, 442 N.W.2d at 18-19. The lack of cross-examination does not affect the admissibility of her testimonial conduct at the trial. The jurors saw her conduct and demeanor. They could accept or reject the inference the trial court drew from her conduct, that she feared her uncle, that being the sole reason for the jurors having seen and heard the tape.

■Notwithstanding defendant's claim to the contrary, he had an opportunity to cross-examine the child when the videotaped deposition was taken. His attorney never attempted to cross-examine her, even though the trial court made two efforts to provide both sides with additional opportunities to question her.[4] It is immaterial that an attempt to cross-examine her might have been ineffective. First, it was not attempted. Second, the confrontation clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective to whatever extent the defense may wish. *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam). We conclude that the trial court properly admitted in evidence the child's videotaped deposition and the still photographs made from it.

We turn to the child's three out-of-court statements related at the trial which defendant challenges on confrontation grounds. Before examining each, we reject the state's claim that defendant lost his right to challenge the statements on appeal since at the trial he did not object to the questions or move to strike the answers. After objecting to similar testimony on hearsay and confrontation grounds, defendant asked the trial court to note his continuing objection to avoid having to object specifically. The court agreed to that procedure and the state did not seek a different ruling. Continuing objections are permitted. *Boden v. Transit Casualty Co.*, 53 Wis. 2d 803, 806, 808, 193 N.W.2d 839, 840, 841 (1972); *Roeder v. Roeder*, 103 Wis. 2d 411, 414, 421, 308 N.W.2d 904, 906, 909 (Ct. App. 1981). Defendant preserved his right to appellate review of each challenged statement.

---

[4] *See* note 3.

■
However, because of defendant's continuing objection, the trial court did not specifically rule on the admission of each statement. The state asserts that had the court been called on to do so, it would have admitted the statements under the residual exception to the hearsay rule. When the declarant is unavailable as a witness, the residual exception permits the admission in evidence of a statement not specifically covered by any of the other hearsay exceptions listed in sec. 908.045, Stats., but having "comparable circumstantial guarantees of trustworthiness." Section 908.045(6), Stats.

The state relies on *State v. Sorenson*, 143 Wis. 2d 226, 421 N.W.2d 77 (1988), for admission of the three statements under the residual exception. The *Sorenson* court developed five factors for a trial court's use in the exercise of its discretion when determining whether a young sexual assault victim's out-of-court statement possesses the "circumstantial guarantees of trustworthiness" required by the residual exception, sec. 908.045(6), Stats.[5] *Sorenson*, 143 Wis. 2d at 243–46, 421 N.W.2d at

---

[5] The five factors may be summarized as follows: (1) the attributes of the child making the statement should be examined and viewed to determine what circumstances may or may not affect the child's method of articulation or motivation to tell the truth; (2) the court should examine the person to whom the statement was made focusing on the person's relationship to the child, to determine whether it might impact upon the statement's trustworthiness and any motivation of the recipient of the statement to fabricate or distort; (3) the court should review the circumstances under which the statement was made to determine any contextual factors which might enhance or detract from the statements trustworthiness; (4) the content of the statement itself should be examined particularly to determine whether the statement reveals a knowledge of matters not ordinarily attributable to a child of a similar age; and (5) other corroborating evidence

84–85. We could examine the record for evidence to support application of the five factors to admit the evidence under the residual exception. *See State v. Pharr*, 115 Wis. 2d 334, 343, 340 N.W.2d 498, 502 (1983) (appellate court determines if record provides factual basis for trial court's unexplained ruling admitting evidence). That examination would be useless. Defendant concedes admissibility under the residual exception. His challenge to the statements is on confrontation grounds.

For confrontation purposes, it is not enough that an out-of-court statement is admissible under the residual exception. "Hearsay statements admitted under the residual exception . . . do not share the same tradition of reliability that supports the admissibility of statements under a firmly rooted hearsay exception" for purposes of the confrontation clause. *Idaho v. Wright*, 497 U.S. 805, 817 (1990). "[U]nless an affirmative reason, arising from the circumstances in which the statement was *made*, provides a basis for rebutting the presumption that a hearsay statement is not worthy of reliance at trial, the Confrontation Clause requires exclusion of the out-of-court statement." *Id.* at 821 (emphasis added). The question is whether "the child declarant was particularly likely to be telling the truth when the statement was made." *Id.* The circumstances relating to this question include spontaneity, consistent repetition, use of terminology unexpected of a child of similar age, a lack of motive to fabricate, and similar factors. *Id* at 821–22. To satisfy confrontation requirements, the evidence "must possess indicia of reliability by virtue of its inherent truthworthiness, not by reference to other evidence at trial." *Id.* at 822. For that reason, evidence cor-

should be examined for consistency with the assertions made in the statement.

roborating the truth of the hearsay statement must not be taken into account. *Id.* at 823.

In accordance with *Wright*, we look to the record for the circumstances under which each challenged statement was made to determine whether the presumption that the statement lacks reliability has been rebutted.

The child's aunt provided the first statement. She testified that in November 1989 the child told her that defendant asked her to "lick his wiener" and "[t]hat she did." The record fails to disclose sufficient circumstances surrounding the making of the statement to rebut the presumption that reliability is lacking. The child was under three when she made the statement and she used terminology unexpected of a child of that age. She lacked a motive to fabricate, and on at least one other occasion she made a similar statement about defendant. But the record provides no information on how or why the child made the statement. We do not know whether the child responded to a question or prompting, or spontaneously gave her aunt the statement. The statement was inadmissible by virtue of the confrontation clause.

The child's mother furnished the second statement. She testified, "There was another time at my apartment when she said that she had to lick Mark's wiener because he told her it was dirty. And she told me it was gross and that I wasn't [suppose] to tell her grandma." We conclude that the record discloses sufficient circumstances in which the statement was made to rebut the presumption against its reliability for confrontation purposes.

While the date of the second statement is not disclosed, the child was about three-and-one-half years old when the trial was held in mid-June 1990. Her terminol-

ogy was not such that a child of that age would ordinarily use, and the statement was consistent with what she said to her aunt in November 1989. The mother testified that she had never talked to the child about sex or used the term "licking somebody's wiener," and the child had never seen anybody having sexual contact, and no basis existed for the child to know about such conduct. The child's having told her mother that what she had done was "gross" and that she was not to tell her grandmother tends to indicate that the conduct was offensive to the child and she believed it was wrong, and that she volunteered the statement to her mother without prompting. Admission of the statement did not deny the defendant his right of confrontation.

██

The child's aunt testified to the third statement. According to the aunt, while she was with the child in the district attorney's office the day before the videotape deposition, the child undressed anatomically correct dolls, put the big boy doll on top of the little girl doll, and said, "This is Jennifer and this is Mark." The aunt testified that she did not prompt the child to demonstrate anything with the dolls, and she and the child were the only ones present at the time. The circumstances—the child's age, the depicted act and the spontaneity of the episode—rebut the presumption that the hearsay statement lacked reliability at trial for confrontation purposes. Admission of the statement did not deny defendant his right of confrontation.

██

The improper admission of the child's November 1989 statement which the child's aunt testified to was harmless error. Error is harmless and does not require a new trial, even if it is constitutional error, if we are satisfied that no reasonable possibility exists the error

contributed to the conviction. *State v. Dyess*, 124 Wis. 2d 525, 543, 370 N.W.2d 222, 231-32 (1985). The child's aunt testified that in August 1989 she saw the defendant put his hand between the child's legs for about ten seconds and that on October 9, 1989, the child told her, without prompting, that he took off her pants and put his "wiener" by her bottom. She complained to her mother about pain on her bottom. That evidence, plus the videotape and other admissible evidence which we have related, satisfies us that the erroneous admission of the child's November 1989 statement did not contribute to the defendant's convictions. A new trial is unnecessary.

*By the Court.*—Judgments affirmed.